USDC SCAN INDEX SHEET











USA

GONZALEZ

JRB

3:90-CR-00867

*115*

*CRAPPJGM.*

JUDGMENT

=======================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - -

NO. 95-55366
CT/AG#: CV-94-01932-T

*90CR867-T*

FABIAN GONZALEZ-EZSEQUIEL

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee



APR 29 1996

**MANDATE ISSUED**

FILED
MAY 2 0 1996
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

- - - - - - - - - - - - - - - - - - - -

APPEAL FROM the United States District Court for the
Southern District of California (San Diego).

THIS CAUSE came on to be heard on the Transcript of the
Record from the United States District Court for the Southern
District of California (San Diego) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and
adjudged by this Court, that the judgment of the said District
Court in this cause be, and hereby is AFFIRMED.

Filed and entered March 5, 1996

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 29 1996

by: _____
Deputy Clerk

115

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR -5 1996

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 95-55366 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. CV-94-01932-T |
| | ) | CR-90-00867-T |
| v. | ) | |
| | ) | |
| FABIAN GONZALEZ-EZEQUIEL, | ) | MEMORANDUM* |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Howard B. Turrentine, District Judge, Presiding

Submitted February 27, 1996**

Before:   PREGERSON, CANBY, and HAWKINS, Circuit Judges.

Fabian Gonzalez-Ezequiel, a federal prisoner, appeals pro se
the district court's dismissal of his 28 U.S.C. § 2255 motion.  He
contends the district court erred when it denied him relief.  We
have jurisdiction pursuant to 28 U.S.C. § 2255.  We review de novo
the denial of a section 2255 motion.  United States v. Moore, 921
F.2d 207, 209 (9th Cir. 1990).  We affirm.

On October 4, 1994, Gonzalez-Ezequiel filed his first pro se
section 2255 motion.  On December 28, 1994, Gonzalez-Ezequiel

---

\*    This disposition is not appropriate for publication and may
not be cited to or by the courts of this circuit except as
provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously finds this case suitable for decision
without oral argument.  Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

filed a second pro se section 2255 motion.  On February 13, 1995,

the district court dismissed the second 2255 motion as duplicative

of the first.  On February 27, 1995, Gonzalez-Ezequiel filed a

notice of appeal.  On May 23, 1995, the district court denied the

first section 2255 motion on its merits.  Gonzalez-Ezequiel did

not appeal the court's May 23, 1995 order.

The government contends that this court lacks jurisdiction to

consider this appeal because Gonzalez-Ezequiel waived his right to

appeal in his plea agreement.  We disagree.  Gonzalez-Ezequiel's

waiver of his right to appeal his sentence did not expressly

include a waiver of his right to appeal a section 2255 motion.

See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

However, Gonzalez-Ezequiel appealed the district court's

February 13, 1995 order.  The district court did not err when it

denied Gonzalez-Ezequiel's December 28, 1994 motion on the ground

that it was duplicative of his October 4, 1994 motion.  See 28

U.S.C. § 2255 (district court is not required to entertain second

motion for similar relief on behalf of same prisoner); see also

Fed. R. Civ. P. 4(b).

Even were we to reach the merits of Gonzalez-Ezequiel's

claims we would affirm.  He contends that his plea was not knowing

and voluntary because he pleaded guilty pursuant to a plea

agreement providing that he was subject to a statutory penalty of

five to forty years when, according to his presentence report,

"[i]n actuality, the statutory penalty for the count of conviction

in this case is ten years to life because more than 100 grams of

methamphetamine was involved."  Gonzalez-Ezequiel got the benefit

-2-

of his plea agreement.  Probation and the court accepted the

statutory penalty of five to forty years as stated by the plea

agreement.  Gonzalez-Ezequiel was sentenced to 135 months

imprisonment, the low-end of his Guidelines range.  His offense

level, 32, was properly based on the weight of pure

methamphetamine rather than the weight of the methamphetamine

mixture.  See U.S.S.G. § 2D1.1(c) (Nov. 1, 1990) (footnote at

2.47); see also United States v. Alfeche, 942 F.2d 697, 699 (9th

Cir. 1991) (per curiam) (rejecting rule of lenity challenge to 21

U.S.C. § 841).  Gonzalez-Ezequiel contends he expected a five-year

sentence.  The record refutes this.  At the change of plea

hearing, defense counsel agreed that Gonzalez-Ezequiel anticipated

a sentence of 121 to 151 months based on an offense level of 32,

but noted it was unclear if Gonzalez-Ezequiel's criminal history

was category I or II.  Gonzalez-Ezequiel agreed he understood

this.  Because Gonzalez-Ezequiel never accepted responsibility, he

was not entitled to a departure on that basis.  His challenge to

counsel's alleged ineffectiveness would fail for lack of

prejudice.  See Strickland v. Washington, 466 U.S. 668, 687

(1984).

**AFFIRMED**.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 29 1996

by: _____
Deputy Clerk

-3-

INTERNAL USE ONLY: Proceedings include all events.
95-55366 Gonzalez-Ezsequiel v. USA

FABIAN GONZALEZ-EZSEQUIEL          Fabian Gonzalez-Ezsequiel
      Plaintiff - Appellant        [COR LD NTC prs]
                                   No. 27066-198 Mojave
                                   FCI Phoenix Dept. 1700
                                   37910 N. 45th Ave.
                                   Phoenix, AZ 85027-7055


      v.


UNITED STATES OF AMERICA           Bruce R. Castetter, AUSA
      Defendant - Appellee         [COR LD NTC aus]
                                   John Kraemer
                                   [COR NTC aus]
                                   USSD - OFFICE OF THE U.S.
                                   ATTORNEY
                                   880 Front Street
                                   San Diego, CA 92101-8893

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
121 Spear Street, P. O. Box 193939
San Francisco, CA 94119 3939

April 29, 1996

```
      FILED
      ENTERED
      LODGED
      RECEIVED

          RECD

  CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                       DEPUTY
```

USDC, San Diego
Southern District of California (San Diego)
Edward J. Schwartz U.S. Courthouse
Room 4290
880 Front Street
San Diego, CA 92101

| C.A. NO. | TITLE | AGENCY/<br>D.C. NO. |
|---|---|---|
| 95-55366 | Gonzalez-Ezsequiel v. USA | CV-94-01932-T |

Dear Clerk:

The following document(s) in the above listed cause(s) is (are) being sent to you under cover of this letter. Counsel are being served with a copy of this letter only.

    [X] Certified copy of the Decree of the Court
    [ ] Judgment of the National Labor Relations Board
    [ ] Certified copy of the Entry of Dismissal

The record on appeal will follow under separate cover.

Please acknowledge receipt on the enclosed copy of this letter.

Very truly yours,

Cathy A. Catterson
Clerk of Court

By: Juanja V. Ross,
Deputy Clerk

Enclosure(s)
cc: ALL COUNSEL, WITHOUT ENCLOSURES